# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Civil Action No. 3:23-cv-160-FDW

|  |  |
|---|---|
| CHRISTOPHER JOHN BILLESDON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| WELLS FARGO SECURITIES, LLC, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND MOTION FOR SANCTIONS

### I.     Bottom Line Up Front

Pursuant to the Court's Case Management Order, Defendant raised the following deficiencies with Plaintiff's discovery responses with the Honorable Susan C. Rodriguez: (a) lack of a privilege log; (b) responses to Interrogatories 3, 4, 5, 8, and 10; (c) failure to comply with Rule 34(b)(2)(C), Fed. R. Civ. P.; (d) failure to comply with Rule 34(b)(2)(E)(i); and (e) responses to Request for Production 5, 6, 8, 13, 17, and 20. **Exhibit A**. Judge Rodriguez held a telephonic dispute conference with the parties on August 31, 2023. At the conference and reflected in a Minute Order (the "August Order") entered the same day, the Court granted Defendant's request to compel Plaintiff's discovery responses. The August Order required Plaintiff to "serve complete supplemental responses to all discovery requests with[in] 21 days." It further required Plaintiff to "produce a privilege log of all responsive documents and other information he contends are privileged, if any." Finally, the August Order states, "To the extent Plaintiff contends he has fully responded previously to a particular discovery request, he shall state that compliance in a verified discovery response."

On Friday, September 22, 2023 – one day *after* the August Order's deadline – Plaintiff served supplemental responses to Defendant's First Request for Production and to Defendant's First Interrogatories. **Exhibit B** and **Exhibit C**, respectively. After setting forth more than three (3) pages consisting of a "Preliminary Statement" and "General Objections," Plaintiff finally set forth his responses. Plaintiff's supplemental responses are deficient, evasive, and incomplete. Further, the supplemental interrogatory responses are not verified. The Court should compel Plaintiff to comply with the August Order fully and promptly and should sanction Plaintiff and/or Plaintiff's counsel for this contumacious conduct.[1]

## II.   Plaintiff Still Has Not Provided a Privilege Log

In his Supplemental Responses, Plaintiff asserts a claim of attorney-client privilege and/or work product privilege in response to Interrogatories 1, 2, 3, 6, and 14,[2] and in response to Requests for Production 1, 3, 4, 5, 6, 9, 10, 11, 12, 14, 15, 17, 19, and 20.[3]  However, Plaintiff still has failed to provide a privilege log as required by Rule 26(b)(5)(A)(ii), Fed. R. Civ. P., and the August Order.  The Court should compel Plaintiff to do so.

## III.   Plaintiff's "Supplemental" Responses to Interrogatories 3, 4, 5, 8, and 10 Are Deficient

Despite being compelled to provide supplemental responses to Interrogatories 3, 4, 5, 8, and 10 (after Defendant identified deficiencies in Plaintiff's original responses, *see* Exhibit A),

---

[1] In an e-mail dated October 2, 2023, Judge Rodriguez (through her clerk), granted Defendant leave to file the instant motion.

[2] Plaintiff's "Supplemental Responses" to Defendant's Interrogatories do *not* contain supplemental responses to Interrogatories 1, 2, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, and 17.  *See* Exhibit B.

[3] Plaintiff's "Supplemental Responses" to Defendant's Request for Production do *not* contain supplemental responses to Requests for Production 1, 3, 4, 5, 6, 9, 10, 11, 12, 14, 15, 17, 19, and 20.  *See* Exhibit C.

Plaintiff utterly failed to do so with respect to Interrogatories 4, 5, and 8. *See* Exhibit B. Plaintiff's "supplemental" response to Interrogatory 10 is not a response. Rather than supply the information requested (related to Plaintiff's job search after separation from Defendant), Plaintiff states: "Defendant has directly subpoenaed from Brean and already has responsive information in its possession." *Id.* While Plaintiff did provide some e-mails responsive to this request, many of them contain attachments that have *not* been produced. Finally, *none* of the supplemental responses to interrogatories are verified. *See* Rule 33(b)(3), Fed. R. Civ. P. Plaintiff should be compelled to comply with the August Order and to provide full, complete, and verified supplemental responses to Interrogatories 3, 4, 5, 8, and 10.

IV.     **Plaintiff Has Not Stated His Alleged Compliance in a Verified Discovery Response**

Many, if not all, of Plaintiff's original discovery responses are open-ended. For example, Request for Production 20 states, "Produce all documents in your possession, custody, or control which relate to your employment with Wells Fargo or to Wells Fargo in any manner." After asserting several objections / claims of privilege, Plaintiff originally responded, "responsive, non-privileged documents will be produced." *See* Exhibit C. This type of response is precisely why the August Order requires that, "To the extent Plaintiff contends he has fully responded previously to a particular discovery request, he shall state that compliance in a verified discovery response." Defendant does not know what it does not know. In other words, has Plaintiff provided all "responsive, non-privileged documents?" The Court should compel Plaintiff to comply with the August Order and to stop hiding the ball.

V.     **Plaintiff Has Failed to Comply with Rule 34(b)(2)(C), Fed. R. Civ. P.**

In addition to Plaintiff's "general objections" to Defendant's Requests for Production, Plaintiff has asserted specific objections to nearly all of the requests. In relevant part, Rule

3

34(b)(2)(C) requires that when objecting to a request, the objection "must state whether any responsive materials are being withheld on the basis of that objection." Neither Plaintiff's original responses nor his "supplemental responses" contain such a statement. The Court should compel Plaintiff to do so.

## VI. Plaintiff Has Failed to Comply with Rule 34(b)(2)(E)(i), Fed. R. Civ. P.

To date, Plaintiff has produced 673 pages of responsive documents. However, in his initial responses and his "supplemental" responses to Defendant's Requests for Production, Plaintiff makes zero effort to identify which documents are responsive to which requests, either by general reference or Bates number. *See* Exhibit C. This is a blatant violation of Rule 34(b)(2)(E)(i), Fed. R. Civ. P. The Court should compel Plaintiff to comply.

## VII. Plaintiff's "Supplemental" Responses to Requests for Production 5, 6, 8, 13, 17, and 20 are Deficient.

Despite being ordered to serve supplemental responses to Defendant's Requests for Production 5, 6, 17, and 20, Plaintiff has failed to do so. *See* Exhibit C. Further, Plaintiff's supplemental responses to Requests for Production 8 and 13 are deficient. Instead of providing any documents in response to these requests, Plaintiff states, "Defendant has directly subpoenaed all of Plaintiff's employment and wage records from the only other employment he has had since being wrongfully terminated from Defendant." But just because the information may be available from another source, it does not relieve Plaintiff from complying with these requests. The Court should compel Plaintiff to comply with the August Order.

## VIII. The Court Should Sanction Plaintiff and/or Plaintiff's Counsel

Due to Plaintiff's and/or Plaintiff's counsel's complete disregard of, and failure to comply with, the August Order, the Court should sanction Plaintiff and/or his counsel pursuant to Rule 37(b)(2)(A) and (C), Fed. R. Civ. P. Specifically, Defendant requests the Court award Defendant

its reasonable costs and attorneys' fees incurred in seeking Plaintiff to comply with his discovery obligations.

## IX.     Conclusion

WHEREFORE, Defendant respectfully requests the Court enter an order compelling Plaintiff's full and immediate compliance with the August Order, and awarding sanctions as set forth herein.

This the 17th day of October, 2023.

Respectfully submitted,


By:     /s/ David I. Klass
David I. Klass (NC Bar No. 53342)
Lucy M. Anderson (NC Bar No. 49043)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
dklass@fisherphillips.com
lmanderson@fisherphillips.com
*COUNSEL FOR DEFENDANT*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Civil Action No. 3:23-cv-160-FDW

| | |
|---|---|
| CHRISTOPHER JOHN BILLESDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| WELLS FARGO SECURITIES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date listed below, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel:

L. Michelle Gessner
**Gessner Law, PLLC**
602 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com

This the 17th day of October, 2023.

Respectfully submitted,

By: _/s/ David I. Klass_
David I. Klass
**FISHER PHILLIPS LLP**

6