IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

_____
                                )
CHRISTOPHER JOHN BILLESDON,      )
                                )
            Plaintiff,           )
                                )    DOCKET NO. 3:23-CV-160
        vs.                      )
                                )
WELLS FARGO SECURITIES, LLC,     )
                                )
            Defendant.           )
_____)


TRANSCRIPT OF FINAL PRETRIAL CONFERENCE RULINGS
BEFORE THE HONORABLE FRANK D. WHITNEY
UNITED STATES DISTRICT COURT JUDGE
TUESDAY, MAY 7, 2024 AT 10:35 A.M.


<u>APPEARANCES</u>:

On Behalf of the Plaintiff:

        L. MICHELLE GESSNER, ESQ.
        GesserLaw, PLLC
        602 East Morehead Street
        Charlotte, North Carolina  28202

On Behalf of the Defendant:

        DAVID KLASS, ESQ.
        Fisher & Phillips LLP
        227 West Trade Street, Suite 2020
        Charlotte, North Carolina  28202

        SUZANNE K. MICHAEL, ESQ.
        Fisher & Phillips LLP
        1700 7th Avenue, Suite 2200
        Seattle, Washington  98101


            JILLIAN M. TURNER, RMR, CRR, CRC
          Official U.S. District Court Reporter
             United States District Court
              Charlotte, North Carolina

1  (Court called to order on Tuesday, May 7, 2024, commencing at

2  10:35 a.m.)

3                    P R O C E E D I N G S

4         THE COURT:  Billesdon case hearing.

5         All right.  Thank you for your patience.

6         First, let me give you a very brief summary of my

7  view of the motions *in limine*.  I think, you know, most

8  things could generally, such as rules of evidence, get to a

9  jury and the jury makes the decision.  So I generally either

10 don't rule on motions *in limine*; I defer them.  Or where I

11 think it's appropriate to give a ruling, I do.

12        But I don't -- I believe that the deferral still

13 allows the parties to inquire into the issue, but they do it

14 at a position in trial where it's much easier for me to

15 understand, to grasp the disputed evidence because I know the

16 context right now.

17        I've read all of your pleadings, but I really don't

18 know the big battles in your case, and so deferral is the

19 best solution in my mind as to most of these motions.

20        We'll start with the introducing and directing

21 jurors to audience at the trial.  I'd like some

22 clarification.

23        Why does the plaintiff want to point to witnesses

24 in the courtroom?

25        MS. GESSNER:  Your Honor, respectfully, again,

```
 1   similar to what you just had indicated, not understanding
 2   exactly the context of that.  I mean, to the extent I'm in
 3   closing argument and there's a witness and I turn and motion
 4   to that person, is that going to be pointing that person out?
 5               THE COURT:  Well, if they've testified --
 6               MS. GESSNER:  Yes, Your Honor.
 7               THE COURT:  -- and it's closing argument, you
 8   certainly can point out a person who has already been
 9   identified on the record.
10               MS. GESSNER:  Okay.  So that clears it up.
11               In the event that there is a witness that's here
12   that's already testified and there's a witness on and says
13   "Well, you were here with Mr. Iannuzzi's testimony," and
14   gesturing to that person, I don't want to get an objection
15   that somehow that's improper during the trial.  That's
16   certainly what I was referring to in our response, Your
17   Honor.
18               THE COURT:  And that's certainly if a witness has
19   been identified or the individual has been identified by a
20   witness that's on the record, and that's just like any other
21   evidence.  You can point to it.  It just happens to be not in
22   a book, but it's someone sitting on row 4.
23               MS. GESSNER:  Yes, Your Honor.  Thank you.
24               THE COURT:  Right.
25               Any problem with that?
```

1          MR. KLASS:  No, Your Honor.  We had actually made

2     the motion with the idea that jury trials are not every day

3     things, and there are folks in my office who might want to

4     sit in from time to time on parts of the jury trial.

5          THE COURT:  Yeah.

6          MR. KLASS:  We also have in-house counsel here with

7     us.

8          THE COURT:  That's -- that's fine.  If you're

9     counsel or paralegal, then you can point to my co-counsel,

10    you know, whatever or, you know, our paralegal you've seen

11    sorting documents.  Little references like that I don't think

12    are a problem.

13         MR. KLASS:  Our concern, Your Honor, is opposing

14    counsel pointing out our folks in the audience.  It's not us

15    referencing someone in the audience.

16         MS. GESSNER:  Judge, the jury can see.

17         THE COURT:  Yeah.  If -- if the witness -- if the

18    person in the courtroom has already been identified by a

19    witness, that person on the record -- or in the record I

20    should say.  So I think it would be appropriate for

21    counsel -- for plaintiff's counsel to point out someone

22    that's already testified.

23         MS. MICHAEL:  Your Honor, this is Susan Michael.

24    This is actually my motion.

25              The reason we brought it, Your Honor, is because

1  I've had instances before where, for example, we have

2  Wells Fargo in-house counsel here.  And I've had lawyers ask

3  a witness on the stand "So who is that man in the second row?

4  Well, that's Wells Fargo in-house counsel.  Well, what's his

5  name?"  Then we do the side trail about people who are never

6  going to testify.

7            THE COURT:  I won't let that happen.

8            MS. MICHAEL:  Thank you.  That was the only thing,

9  Your Honor.  Thank you.

10           THE COURT:  I don't see a problem -- I mean, the

11 general counsel of Wells Fargo is the client.  So the client

12 can be at the table with you if you want to put the client

13 back three or four rows, you know, that's fine.  And if the

14 client hadn't been identified by the witness, then the

15 witness can't point them out.  Or if -- I do agree with you

16 that plaintiff's trial team should not just point to the

17 general counsel of Wells Fargo.  I think --

18           MS. GESSNER:  I'm not intending to do that,

19 Your Honor.

20           THE COURT:  -- without being in the record, that

21 person is a party or representative of a party.

22           MS. MICHAEL:  Thank you, Your Honor.

23           MR. KLASS:  Thank you.

24           THE COURT:  Okay.  That's the only one I'm going to

25 allow discussion on because I want to -- I didn't understand

1   the motion until counsel explained it to me.

2          So on the motion *in limine* for a witness not

3   identified, the Court denies defendant's request to exclude

4   John Woodard and BJ McAndrews as witnesses because the trial

5   will not begin until after the criminal trial concludes.  The

6   Court asks that these witnesses be made available for

7   deposition should defendant wish to depose them.

8          Then the motion *in limine* regarding unidentified

9   medical experts.

10         The Court denies defendant's request to exclude

11  Dr. Woodard as a witness.  Defendant was well aware of

12  Dr. Woodard as a potential witness based on his involvement

13  with the accommodations request prior to this suit being

14  filed.

15         Under Fourth Circuit precedent, treating physicians

16  are hybrid witnesses.  Dr. Woodard can be presented as a fact

17  witness to speak to his treatment of plaintiff, especially in

18  light of the opinions he has previously provided to defendant

19  through the accommodations process.

20         Now, the motion *in limine* regarding mitigation

21  evidence.

22         The plaintiff did not supplement his disclosures to

23  inform defendant of his job change in January of 2024.

24  Defendant became aware of plaintiff's new job through an

25  expert deposition eight days after he began the job.

1  Therefore, any failure to disclose is harmless.  The Court

2  will, therefore, deny defendant's motion to exclude this

3  evidence.

4           Retaliatory termination.  The Court will grant in

5  part defendant's motion precluding plaintiff from asserting a

6  retaliatory termination argument.  The Court relies on *Jones*

7  *v. Duke Energy Corporation*, 43 Federal Appendix 599, pinpoint

8  cite page 600, Fourth Circuit, 2002.

9           Quoting that case, "North Carolina courts and

10  federal courts applying North Carolina law have found

11  repeatedly that no private cause of action exists for

12  retaliation in violation of public policy.  Therefore,

13  plaintiff cannot pursue a theory of retaliation under their

14  State law claim."

15          But that's only half of that ruling.

16          The Court will deny in part the motion because

17  plaintiff pled facts in the complaint putting defendant on

18  sufficient notice of a claim for retaliatory termination

19  which satisfies the pleading requirements of Federal Rules of

20  Civil Procedure 8 for a retaliation claim to proceed to

21  trial.

22          The motion *in limine* regarding the incident causing

23  injury.  The Court denies defendant's motion to exclude

24  evidence of the accident which caused plaintiff's injury.

25          The Court finds testimony related to the incident

1  causing plaintiff's injuries and his recovery, including how

2  the injuries have evolved over time, may be relevant to the

3  element requiring plaintiff to have a disability and whether

4  the accommodation requested was medically necessary.

5        And then as I've already said, the Court will defer

6  on all the other issues as to any other motions not addressed

7  this morning by the Court.  The Court will defer ruling at

8  this time.  Many involve evidentiary matters that will become

9  clearer as evidence is presented.  The Court asks counsel to

10 reassert any objections at the appropriate time.

11       All right.  We will recess you until 12:30 when you

12 can get the jury questionnaires.  And then I'm going to go

13 back to my chambers and work on the other motions *in limine*

14 in the other case.

15       MS. MICHAEL:  Your Honor, may I ask a quick

16 question?

17       THE COURT:  Yes, ma'am.

18       MS. MICHAEL:  What is the Court's preference on the

19 possible preadmission before a witness is called?

20       THE COURT:  Do you have any opposition to it?  It

21 usually saves time.  Anything that saves time, I prefer.

22       MS. GESSNER:  No objection, Your Honor.

23       The problem is that we have many exhibits to which

24 that authenticity has been stipulated but admissibility has

25 not been, even on documents that are cross-listed on exhibit

1  lists.

2          So I'm happy to have premarked exhibits as well.

3  Part of the challenge is they cannot be one-sided, only those

4  that they're agreeing to the admissibility that help them.

5          THE COURT:  So that sounds reasonable.  If you all

6  can work something out over the next couple hours.

7          MS. MICHAEL:  Thank you, Your Honor.

8          And if we wanted to show a couple of preadmitted

9  exhibits in opening?

10         THE COURT:  You can do that.  I might interrupt

11  you, not to embarrass you or anything, but I might interrupt

12  you and say "Ladies and gentlemen, that chart in front of you

13  is not evidence yet.  It may become evidence but not until I

14  allow it."  I'm explaining to them why I'm allowing you to

15  show it, but they have to understand it still has to be

16  formally introduced during the course of the trial.

17         MS. MICHAEL:  Okay.  Thank you, Your Honor.

18         THE COURT:  Okay.  We're good to go.  See you at

19  12:30.

20         MS. GESSNER:  Yes, Your Honor.

21         (The proceedings were recessed at 10:45 a.m.)

22                    *    *    *

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF OFFICIAL REPORTER

I, Jillian M. Turner, RMR, CRR, CRC, Federal Official Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this the 15th day of July 2024.


/s/ Jillian M. Turner
Jillian M. Turner, RMR, CRR, CRC
U.S. Official Court Reporter