IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHRISTOPHER JOHN BILLESDON, | ) |
| Plaintiff, | ) )  Civil Action No. 3:23-cv-160-FDW |
| v. | ) |
| WELLS FARGO SECURITIES, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
OR IN THE ALTERNATIVE, FOR A NEW TRIAL AND
TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 50(b), 59(a), and 59(e), Defendant Wells Fargo Securities, LLC, moves this Court for judgment as a matter of law in its favor, or, in the alternative, for a new trial and to alter or amend the judgment. In particular, and for the reasons set out more fully in the accompanying Memorandum in Support, Defendant respectfully requests that this Court grant the following relief:

1. The Court should grant Defendant judgment as a matter of law on all of Plaintiff's claims because, for each of the four claims tried to the jury, Plaintiff failed to adduce sufficient evidence on the essential element.

2. In the alternative, the Court should grant Defendant a new trial on those claims because the verdict on each count was contrary to the clear weight of the evidence.

3. The Court should grant a bench trial and judgment in Defendant's favor on the ADA retaliation claim, because there is no right to a jury trial for that claim and Plaintiff failed to prove but-for causation.

1

4. If the Court allows at least some of the liability verdicts to stand, it should grant Defendant a new trial on damages, unless Plaintiff accepts a remittitur reducing the back pay award to $4,225,558 and reducing the front pay award to $0. Plaintiff's own evidence of back pay supported nothing greater than $4,225,558, and the $14 million award of front pay is grossly speculative and legally foreclosed by Plaintiff's subsequent employment history.

5. At the very least, the Court should amend the judgment to reduce the punitive damages on the ADA claims to $200,000, so that when combined with the award of $100,000 for emotional distress, the award complies with the ADA's $300,000 cap for such damages. Moreover, if the North Carolina wrongful-discharge verdict is set aside, then the punitive damages for that claim must be set aside too; and if the only claim that survives is the ADA retaliation claim, then all of the punitive damages and emotional-distress damages must be set aside, because the ADA does not authorize such damages for that particular claim.

This the 26th day of August, 2024.

Respectfully submitted,

By: */s/ David I. Klass*

| | |
|---|---|
| Hashim M. Mooppan (pro hac vice) | David I. Klass (NC Bar No. 53342) |
| **JONES DAY** | Lucy M. Anderson (NC Bar No. 49043) |
| 51 Louisiana Ave., NW | **FISHER PHILLIPS LLP** |
| Washington, DC 20001 | 227 West Trade Street, Suite 2020 |
| Telephone: (202) 879-3744 | Charlotte, North Carolina 28202 |
| Facsimile: (202) 626-1700 | Telephone: (704) 334-4565 |
| hmmooppan@jonesday.com | Facsimile: (704) 334-9774 |
| | dklass@fisherphillips.com |
| | lmanderson@fisherphillips.com |

Terri L. Chase (pro hac vice)
**JONES DAY**
600 Brickell Ave., Suite 3300
Miami, FL 33131
Telephone: (305) 714-9722
Facsimile: (305) 714-9799
tlchase@jonesday.com

Julia W. Clark
**FISHER PHILLIPS LLP**
Two Logan Square
Suite 100
N. 18th Street
Philadelphia, PA 19103
Telephone: (610)230-6119
Facsimile: (610)230-2151
jclark@fisherphillips.com

Suzanne K. Michael
**FISHER PHILLIPS LLP**
1700 7th Avenue
Seattle, WA 98101
Telephone: (206) 247-7010
Facsimile: (206) 442-9699
smichael@fisherphillips.com

*COUNSEL FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date listed below, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel:

L. Michelle Gessner, Esq.
Gessner Law, PLLC
602 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com

This the 26th day of August, 2024.

                                                      Respectfully submitted,

                            By:    */s/ David I. Klass*
                                    David I. Klass
                                    **FISHER PHILLIPS LLP**