IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHRISTOPHER JOHN BILLESDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 3:23-cv-160-FDW** |
| v. ) | |
| ) | |
| WELLS FARGO SECURITIES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE,
FOR A NEW TRIAL AND TO ALTER OR AMEND THE JUDGMENT**

# TABLE OF CONTENTS

Page(s)

BOTTOM LINE UP FRONT ................................................................................................ 1
ARGUMENT ..................................................................................................................... 1
I. JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL ......................................... 1
    A. ADA Failure-to-Accommodate Claim ................................................... 1
    B. ADA and North Carolina Disability-Discharge Claims ........................ 2
    C. ADA Retaliation Claim .......................................................................... 3
II. MODIFIED BENCH-TRIAL JUDGMENT FOR DEFENDANT ON RETALIATION .......... 4
III. REMITTITUR OR NEW TRIAL ON DAMAGES ...................................................... 5
    A. Back Pay ................................................................................................ 5
    B. Front Pay ............................................................................................... 6
    C. Emotional Distress And Punitive Damages .......................................... 7
CONCLUSION .................................................................................................................. 7
CERTIFICATE OF COMPLIANCE ....................................................................................... 9
CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE ..................................... 10
CERTIFICATE OF SERVICE .............................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alston v. Holy Cross Health, Inc.*,
  No. CV DLB-20-2388, 2023 WL 2743332 (D. Md. Mar. 31, 2023) ........................................1

*Andrews v. Primus Telecomms. Grp.*,
  107 F. App'x 301 (4th Cir. 2004) ...................................................................................3

*Batson v. Salvation Army*,
  897 F.3d 1320 (11th Cir. 2018) ................................................................................1, 2

*Dominic v. Consol. Edison Co. of N.Y., Inc.*,
  822 F.2d 1249 (2d Cir. 1987) ........................................................................................6

*Dotson v. Pfizer, Inc.*,
  558 F.3d 284 (4th Cir. 2009) .........................................................................................7

*Duke v. Uniroyal Inc.*,
  928 F.2d 1413 (4th Cir. 1991) ...................................................................................4, 5

*Franchina v. City of Providence*,
  881 F.3d 32 (1st Cir. 2018) ............................................................................................3

*Jimenez v. DaimlerChrysler Corp.*,
  269 F.3d 439 (4th Cir. 2001) .........................................................................................2

*Larami Corp. v. Amron*,
  No. Civ. A 91-6145, 1995 WL 128022 (E.D. Pa. Mar. 23, 1995)...............................5

*Loveless v. John's Ford, Inc.*,
  232 F. App'x 229 (4th Cir. 2007) (per curiam) ............................................................6

*Raynor v. G4S Secure Sols. (USA) Inc.*,
  327 F. Supp. 3d 925 (W.D.N.C. 2018) .........................................................................4

*Whitson v. Knox Cnty. Bd. of Educ.*,
  468 F. App'x 532 (6th Cir. 2012) ..................................................................................5

*Wilson v. Dollar Gen. Corp.*,
  717 F.3d 337 (4th Cir. 2013) .........................................................................................2

**STATUTES**

42 U.S.C. § 12112 ............................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 39 .............................................................................................................................5

Fed. R. Civ. P. 50 .............................................................................................................................1

Fed. R. Civ. P. 59 ........................................................................................................................1, 4

**BOTTOM LINE UP FRONT**

Plaintiff's opposition is long on rhetoric (indeed, 2,400 words over the 6,000-word limit), but short on substance. On every issue, it mischaracterizes the law, fixating on immaterial facts while ignoring the absence of critical evidence.

**ARGUMENT**

**I.  JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL**

Plaintiff asserts Defendant failed "to analyze the evidence under the applicable legal standard[s] for" Rules 50(b) and 59(a). Opp. 1. But for each claim, Defendant identified an essential element and demonstrated the jury's verdict was supported by no evidence or at least was against the clear weight of evidence, even after construing the evidence with deference to the jury or entirely in Plaintiff's favor. Memo. 4-13. That showing applies the standards both sides recite. Opp. 4-6; Memo. 3.

**A.  ADA Failure-to-Accommodate Claim**

Plaintiff offered the jury no evidence that Defendant failed to make reasonable accommodation for his disability, as he was permitted to work from home between his request and discharge. Memo 4-6.

Plaintiff's evidentiary discussion is a red herring. Even were it accurate, it at most would show that Plaintiff requested a *future* accommodation for when the workforce returned to the office, and that Defendant *preemptively* denied the request. Opp. 6-8, 9-10. Legally, however, "being denied an accommodation for the future is not enough," *Alston v. Holy Cross Health, Inc.*, No. CV DLB-20-2388, 2023 WL 2743332, at *10 (D. Md. Mar. 31, 2023), because Plaintiff *never* "needed" the accommodation "before … [his] termination," *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018).

1

The ADA prohibits "not making" reasonable accommodations, 42 U.S.C. § 12112(b)(5)(A), and Plaintiff identifies no textual basis or precedential support for deeming that prohibition violated where the employment relationship ends *before* any accommodation must be made. Nor can Plaintiff dismiss *Batson* because the former employee there did not "need[]" the accommodation, Opp. 9, as he likewise insists *he did not need* the work-from-home accommodation until the return-to-office policy was enforced, Opp. 7.

Plaintiff alternatively defends the verdict on grounds of "unreasonable delay," "failure to engage in the interactive process," or "termination in lieu of accommodation." Opp. 10. But the instructions required the jury to determine whether Defendant actually "fail[ed] to provide a reasonable accommodation," Tr.xx-xx, and the unsupported verdict on that ground cannot be sustained under an alternative theory never submitted to the jury. *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 448 (4th Cir. 2001). Moreover, those alternative theories are legally untenable. As Plaintiff's cases explain, "delay" and "the interactive process" are relevant only in determining whether an employer's failure to provide a needed accommodation was unreasonable—they do not support independent liability under the ADA where the employee was never denied a needed accommodation. As for "termination in lieu of accommodation," Plaintiff misleadingly cites a case applying a *California employment statute* that creates independent liability for *failing to engage in an interactive process*—which this Court correctly held *the ADA does not do*. Tr.xx; *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 347 (4th Cir. 2013).

### B. ADA and North Carolina Disability-Discharge Claims

Plaintiff offered the jury no evidence that, *if* he had not been disabled, he would *not* have been discharged had everything else remained the same, *including* his request to work from home full-time. Memo 6-8.

2

Plaintiff does not dispute the factual point, Opp. 10-13, and he is legally wrong that such evidence "was not required to prove" but-for causation, Opp. 12. He attacks the straw-man that disability need not be "the" sole but-for cause of his discharge, just "a" but-for cause. Opp. 10-11. While multiple factors can each be a but-for cause—*i.e.*, a *necessary* condition—Plaintiff's disability was not "a" but-for condition *at all* if he would have been discharged even absent his disability, "*all else being equal*." *Franchina v. City of Providence*, 881 F.3d 32, 53 (1st Cir. 2018) (emphasis added). Plaintiff notes *Franchina* declined to require the employee to make such a showing, but *Franchina* was a Title VII case governed by a lower, "motivating factor" standard. Opp. 11. All agree that but-for causation is required here, Memo. 6-8; Opp. 11-12, and *Franchina* confirms that Plaintiff failed to satisfy but-for causation given the total lack of evidence he would have kept his job if, all else equal, he had requested a 100% work-from-home accommodation for a non-disability-based reason.

### C. ADA Retaliation Claim

The direct and circumstantial evidence all shows Plaintiff was discharged because of a business-motivated reduction in force (RIF), not his accommodation request. Memo 8-13.

Plaintiff cannot reconcile his retaliation claim with the timing of his discharge. Along with *and after* Plaintiff's discharge, Defendant discharged three other directors in his group who had not requested accommodations but were otherwise similarly situated. Memo 10-11. He identifies *no evidence* that distinguishes those directors or otherwise justifies a reasonable jury finding he would have been one of the few directors to keep his job if he had not requested the accommodation. Opp. 13-16. Moreover, Iannuzzi and Templeton identified Plaintiff as a RIF candidate *before* learning of his accommodation request. Memo 10. While he complains that no "documentary evidence" supports their testimony, Opp. 14, "the court should give credence" to

3

the movant's testimony "that is uncontradicted and unimpeached," even viewed favorably to the non-movant, *Andrews v. Primus Telecomms. Grp.*, 107 F. App'x 301, 305 n.4 (4th Cir. 2004).

Plaintiff also mischaracterizes the RIF-process evidence. He argues the "face" of the relevant documents shows a deviation from policy, Opp. 3, 14, but that is false. They merely show Plaintiff was added to a RIF initiated for Fitzhugh. Inferring that the RIF was "closed," or that Plaintiff's addition departed from normal procedures, requires evidence, yet Plaintiff has *only conjecture*. Every witness with *knowledge* of Defendant's practices testified it was typical to add employees to pending RIFs where, as here, the business justifications were the same. Memo 12. Plaintiff further asserts his managers added him "on the same day they learned [his] physician concluded that no in-office accommodation would be effective," Opp. 2-3, but his own exhibits demonstrate they learned *three days later*, *see* Memo. 11.

Accordingly, Plaintiff is wrong that "resolution of the [retaliation] issue depends on assessment of the credibility of the witnesses." Opp. 16. Regardless, this Court should consider witness credibility when weighing the evidence under Rule 59, *Raynor v. G4S Secure Sols. (USA) Inc.*, 327 F. Supp. 3d 925, 933 (W.D.N.C. 2018), and the evidence clearly shows that Plaintiff's accommodation request was not a but-for cause of Defendant's discharge decision.

## II. MODIFIED BENCH-TRIAL JUDGMENT FOR DEFENDANT ON RETALIATION

The ADA retaliation claim never should have been submitted to the jury. Memo 13-15.

While Plaintiff cites out-of-circuit, decades-old cases affirming jury-trial awards for ADA retaliation claims, Opp. 17, each one permitted *legal* remedies for those claims, contrary to the Fourth Circuit's controlling precedent last year, Memo 13. Plaintiff also emphasizes his jury-trial right for the *non-retaliation* claims, Opp. 16-17, but that does not create a jury-trial right for the distinct retaliation claim, *see Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1422 (4th Cir. 1991). Where a claim is "not triable of right by a jury," the court "may" try the claim before a non-advisory jury

4

only "with the parties' consent." Fed. R. Civ. P. 39(c); *see Whitson v. Knox Cnty. Bd. of Educ.*, 468 F. App'x 532, 538 (6th Cir. 2012); *Duke*, 928 F.2d at 1424. Rule 39(c) required this Court to try the retaliation claim itself, using an "advisory" jury at most. Plaintiff admits this Court may treat the jury's retaliation verdict as advisory, Opp. 17, and it should reject that advice as contrary to the evidence, Memo. 15.

Although Plaintiff contends Defendant implicitly consented to a jury trial and waived a bench trial, Opp. 17-19, his emphasis on the complaint and motion-in-limine ruling disregards his decision not to propose a jury instruction on retaliation until late the night before the case was submitted, Memo. 14. As master of his own case, Plaintiff was free not to submit a retaliation claim to the jury. Defendant neither agreed to a jury trial when ambushed at the eleventh hour nor forfeited this alternative rationale supporting its timely objection to the retaliation instruction. *Id.*

### III. REMITTITUR OR NEW TRIAL ON DAMAGES

#### A. Back Pay

The evidence supports a back pay award of no more than $4,225,558—the amount Plaintiff's expert proposed and counsel requested—not the $6 million windfall the jury provided. Memo 15-16.

Plaintiff says Dr. Moore described his back pay calculations as "incredibly conservative," Opp. 20, but Moore was talking about front pay, Tr.xx. Unlike the expert in *Larami Corp. v. Amron*, Moore did not claim Plaintiff suffered damages in excess of $4.2 million, round down, or use a low estimate. No. CIV. A. 91-6145, 1995 WL 128022, at *14-15 (E.D. Pa. Mar. 23, 1995).

Plaintiff also misstates Moore's report, asserting it "does not reflect the full bonus that was owed to Billesdon in 2024." Opp. 21. The report reflects Plaintiff's projected earnings "until the end of 2023" and states Plaintiff would have earned $2.6 million, *including* his deferred compensation. ECF No. 118-5 at 3-4. The $1.3 million figure is not half of Plaintiff's 2023 bonus,

5

but half of his total compensation *for 2024*; and so the other $1.3 million for 2024 compensation is at most front pay, not back pay. *Id.*

Plaintiff further suggests his "bonuses trended consistently higher most years." Opp. 21. But there is no evidence his bonus for *just the first half of 2024* would have been *$1.8 million* greater than for 2023—nearly twenty times larger than his prior annual increases.

**B. Front Pay**

The $14 million front pay award rests on unduly speculative evidence and is foreclosed by Plaintiff's subsequent employment history. Memo 16-18.

Plaintiff objects that Defendant's memorandum did not march seriatim through the "several non-exclusive factors" courts consider for front pay. Opp. 22. But "[t]here is no precise formula" that governs. *Loveless v. John's Ford, Inc.*, 232 F. App'x 229, 238 (4th Cir. 2007) (per curiam). The various factors all concern whether an award is unduly speculative in comparing what the employee *will earn* with what he *would have* earned. Opp. 22-23; Memo. 16. Defendant focused on that ultimate inquiry, including with points about the factors and citations of cases confirming the defects in Dr. Moore's testimony. *E.g.*, Memo. 17-18 (addressing work expectancy and ability to work by showing Moore failed to analyze market demand for Plaintiff's occupation and assumed implausible ceiling on replacement income); *id.* (addressing likelihood of continued employment and at-will status by showing Moore failed to consider similarly situated directors contemporaneously discharged). Defendant thus demonstrated that Moore's analysis was not just "inherently speculative," but "*unduly* so." Opp. 22.

Plaintiff likewise mischaracterizes the caselaw on subsequent employment history. Opp. 24-25. In *Dominic v. Consol. Edison Co. of N.Y., Inc.*, while the Second Circuit held on the facts there that the front pay award should just be reduced (rather than vacated), it made clear that where, as here, an employee "refus[es] a substantially equivalent job[,] … *any front-pay award would*

6

*have been foreclosed.*"  822 F.2d 1249, 1258 (2d Cir. 1987) (emphasis added).  And in *Dotson v. Pfizer, Inc.*, the Fourth Circuit affirmed the denial of front pay as "unduly speculative" *because* the employee "had secured comparable, if not precisely equivalent, work," *despite* "making approximately $65,000 less than the approximately $232,000 in salary and benefits he made prior to his termination" (a 28% reduction).  558 F.3d 284, 300 (4th Cir. 2009).  Plaintiff thus cannot recover front pay after obtaining a roughly "comparable" job *and* "refusing" it for an even lower-paying one.  Memo. 18.

    **C.**    **Emotional Distress And Punitive Damages**

Plaintiff "agrees punitive damages would be capped under the ADA," Opp. 25, but overlooks that this requires reducing *that* award to $200,000, *regardless of whether* any liability verdicts are vacated, Memo. 18.  And he does not dispute Defendant's additional arguments about the damages consequences *if* certain verdicts are vacated.  Memo 19.

## **CONCLUSION**

Defendant's motion should be granted.


This the 16th day of September, 2024.        Respectfully submitted,

        By:    */s/ David I. Klass*

Hashim M. Mooppan (pro hac vice)    David I. Klass (NC Bar No. 53342)
**JONES DAY**    Lucy M. Anderson (NC Bar No. 49043)
51 Louisiana Ave., NW    **FISHER PHILLIPS LLP**
Washington, DC 20001    227 West Trade Street, Suite 2020
Telephone: (202) 879-3744    Charlotte, North Carolina 28202
Facsimile: (202) 626-1700    Telephone: (704) 334-4565
hmmooppan@jonesday.com    Facsimile: (704) 334-9774
    dklass@fisherphillips.com
    lmanderson@fisherphillips.com

Terri L. Chase (pro hac vice)
**JONES DAY**
600 Brickell Ave., Suite 3300
Miami, FL 33131
Telephone: (305) 714-9722
Facsimile: (305) 714-9799
tlchase@jonesday.com

Julia W. Clark
**FISHER PHILLIPS LLP**
Two Logan Square
Suite 100
N. 18th Street
Philadelphia, PA 19103
Telephone: (610)230-6119
Facsimile: (610)230-2151
jclark@fisherphillips.com

Suzanne K. Michael
**FISHER PHILLIPS LLP**
1700 7th Avenue
Seattle, WA 98101
Telephone: (206) 247-7010
Facsimile: (206) 442-9699
smichael@fisherphillips.com

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that as reported by word processing software, the foregoing Reply (omitting the caption, tables, and certificates) contains 1,994 words and therefore complies with the limits set forth in the Orders entered by the Honorable Frank D. Whitney.

This the 16th day of September, 2024.

                                                                    Respectfully submitted,

By:    */s/ David I. Klass*
        David I. Klass
        **FISHER PHILLIPS LLP**

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

In accordance with this Court's Standing Order, *In Re: Use of Artificial Intelligence* (June 18, 2024), the undersigned hereby certifies that—

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of September, 2024.

                                          Respectfully submitted,

By:    */s/ David I. Klass*
           David I. Klass
           **FISHER PHILLIPS LLP**

10

Case 3:23-cv-00160-FDW-SCR   Document 122   Filed 09/16/24   Page 14 of 15

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date listed below, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send electronic notice to Plaintiff's counsel:

L. Michelle Gessner, Esq.
Gessner Law, PLLC
602 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com

This the 16th day of September, 2024.

Respectfully submitted,

By: _/s/ David I. Klass_
David I. Klass
**FISHER PHILLIPS LLP**